```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                         16 Cr. 212

ROBERT POPE,

                Defendant.             Plea

------------------------------x
                                       New York, N.Y.
                                       June 29, 2017
                                       12:17 p.m.

Before:
                    HON. KEVIN N. FOX,

                                       Magistrate Judge

                         APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
BY:  JESSICA K. FEINSTEIN
     Assistant United States Attorney

SEWARD & KISSEL LLP
     Attorneys for Defendant
BY:  RITA M. GLAVIN, ESQ.
     ANDREW S. JACOBSON, ESQ.
```

1             (Case called)

2             THE DEPUTY CLERK:  Counsel, please state your name for
3    the record.

4             MS. FEINSTEIN:  Good afternoon, your Honor.  Jessica
5    Feinstein for the government.

6             THE COURT:  Good afternoon.

7             MS. GLAVIN:  Good afternoon, your Honor.  Rita Glavin
8    and my associate Andrew Jacobson with my client, Mr. Robert
9    Pope.

10            THE COURT:  Good afternoon to all of you.

11            Is there an application on behalf of the defendant?

12            MS. GLAVIN:  There is, your Honor.  On behalf of my
13   client, we move to change his plea of not guilty and enter a
14   plea of guilty to Count One pursuant to a plea agreement.

15            THE COURT:  Mr. Pope, I have before me Indictment S1
16   16 Cr. 212, a multicount indictment.  We shall be focusing on
17   Count One of the indictment only during this proceeding.

18            Count One of the indictment charges a violation of
19   Title 18 United States Code Section 1962(d), which makes it an
20   offense for a person to conspire to commit racketeering
21   activities or offenses.

22            You have a right to have this afternoon's proceeding
23   presided over by a district judge.  You may, if you wish,
24   consent to have a magistrate judge preside at this afternoon's
25   proceeding.  In that connection, I have before me a document

1  which is labeled Consent to Proceed Before a United States
2  Magistrate Judge on a Felony Plea Allocution.
3      Mr. Taylor, will you swear the defendant, please.
4      (Defendant sworn)
5      THE COURT:  Mr. Pope, I want to show you the consent
6  form about which I was speaking a moment ago.  Do you recognize
7  the document?
8      THE DEFENDANT:  Yes.
9      THE COURT:  Did you have an opportunity to review it
10 with your attorney?
11     THE DEFENDANT:  Yes.
12     THE COURT:  Is there anything contained in the consent
13 form that you do not understand?
14     THE DEFENDANT:  No.
15     THE COURT:  Do you acknowledge that it explains in
16 greater detail what I mentioned to you a moment ago about your
17 right to have this proceeding presided over by a district
18 judge, and, further, that by signing the document, you are
19 agreeing that a magistrate judge may preside at this
20 afternoon's proceeding?
21     THE DEFENDANT:  Yes.
22     THE COURT:  Is your true signature on the consent
23 form?
24     THE DEFENDANT:  Yes.
25     THE COURT:  Did anyone force you to sign the document?

H6t1popp

1           THE DEFENDANT:  No.
2           THE COURT:  Let me turn my attention to your counsel.
3           Ms. Glavin, is your signature also on the consent
4    form?
5           MS. GLAVIN:  It is, your Honor.
6           THE COURT:  Very well.  I shall sign the document and
7    then we shall continue.
8           Mr. Pope, would you state your full name, please.
9           THE DEFENDANT:  Robert Pope, Jr.
10          THE COURT:  Within the last 24 hours have you consumed
11   any medicine, alcohol, or drugs that would affect your ability
12   to understand what you're doing here today?
13          THE DEFENDANT:  No.
14          THE COURT:  Are you under the care of a physician or
15   psychiatrist for any condition?
16          THE DEFENDANT:  No.
17          THE COURT:  Have you ever been treated for alcoholism
18   or drug addiction?
19          THE DEFENDANT:  No.
20          THE COURT:  Do you feel all right today?
21          THE DEFENDANT:  Yes.
22          THE COURT:  What is the extent of your education, sir?
23          THE DEFENDANT:  12th grade.
24          THE COURT:  Have you received a copy of indictment
25   S1 16 Cr. 212?

5
H6t1popp

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Do you wish to have Count One of the
 3    indictment read to you now in open court?
 4              (Defendant conferring with his counsel)
 5              THE DEFENDANT:  No, thank you.  I read it already.
 6              THE COURT:  Do you understand what it says that you
 7    did at Count One of the indictment?
 8              THE DEFENDANT:  Yes.
 9              THE COURT:  Have you had sufficient opportunity to
10    speak with your attorney about the charge contained at Count
11    One of the indictment and how you wish to plead to it?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Are you satisfied with the assistance that
14    your attorney has rendered to you in connection with this
15    matter?
16              THE DEFENDANT:  Yes.
17              THE COURT:  Are you ready to plead to Count One of the
18    indictment?
19              THE DEFENDANT:  Yes.
20              THE COURT:  What is your plea, sir, guilty or not
21    guilty?
22              THE DEFENDANT:  Guilty.
23              THE COURT:  Are you a United States citizen?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Do you understand that by pleading guilty
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

to the offense set forth at Count One of the indictment, which is a felony offense, you may be giving up certain valuable civil rights that you possess, among others the following: the right to vote; the right to hold public office; the right to serve on a jury; the right to possess any type of firearm, including rifles and shotguns; the right to be considered for certain types of employment; and the right to possess or obtain certain professional licenses?

THE DEFENDANT: Yes.

THE COURT: I have to determine whether your plea of guilty is being made voluntarily and whether you understand fully the nature of the charge made against you at Count One of the indictment and the possible consequences of your plea, so I shall be asking you additional questions. I want to ensure that you understand the nature of the charge made against you at Count One of the indictment.

It is charged at Count One of the indictment that you violated Title 18 United States Code Section 1962(d) by participating in a racketeering conspiracy from in or about 2007 through in or about 2016.

The law provides as a maximum penalty for the offense set forth at Count One of the indictment the following: a maximum term of 20 years' imprisonment; a maximum term of supervised release of three years; a maximum fine pursuant to Title 18 United States Code Section 3571 of the greatest of

1     $250,000, twice the gross pecuniary gain derived from the

2     offense, or twice the gross pecuniary loss to persons other

3     than yourself resulting from the offense; and a $100 mandatory

4     special assessment.  You are also subject to an order of

5     restitution.

6                If you are sentenced to a term of supervised release

7     and you violate the terms and conditions of that supervised

8     release such that it is revoked, you expose yourself to serving

9     in prison all or part of the term of supervised release

10    authorized by statute for the offense that resulted in such

11    term of supervised release without credit for time previously

12    served on postrelease supervision.

13               Mr. Pope, do you understand the nature of the charge

14    to which you are pleading?

15               THE DEFENDANT:  Yes.

16               THE COURT:  And do you also understand the range of

17    penalties, including the maximum sentence to which you are

18    potentially subjecting yourself by your plea?

19               THE DEFENDANT:  Yes.

20               THE COURT:  Do you understand that you have a right to

21    plead not guilty and to persist in that plea?

22               THE DEFENDANT:  Yes.

23               THE COURT:  Do you understand that you have the right

24    to a jury trial on the charge contained in Count One of the

25    indictment?

1           THE DEFENDANT:  Yes.

2           THE COURT:  Do you understand that if you plead not

3  guilty and go to trial, the burden would be upon the government

4  to prove that you are guilty beyond a reasonable doubt?

5           THE DEFENDANT:  Yes.

6           THE COURT:  Do you understand that at a trial, you

7  would be presumed innocent until the government proved your

8  guilt beyond a reasonable doubt?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Do you understand that at a trial and at

11 every other stage of the proceedings, you would have the right

12 to be represented by an attorney and, if necessary, an attorney

13 would be appointed for you by the court?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Do you also understand that at a trial,

16 you would have the right to testify, to confront and question

17 any witnesses who might testify against you, and the right not

18 to be forced to incriminate yourself -- that is, you do not

19 have to be a witness against yourself?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you understand that at a trial, you

22 would be entitled to present evidence, to call witnesses to

23 testify, and to compel the attendance of witnesses?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Do you understand that if you plead

guilty, there will be no trial of any kind so that you give up your trial rights and the only remaining step will be for the assigned district judge to sentence you?

THE DEFENDANT: Yes.

THE COURT: Sir, are you certain that you understand the nature of the charge made against you at Count One of the indictment?

THE DEFENDANT: Yes.

THE COURT: And are you certain that you understand the range of penalties, including the maximum sentence to which you are potentially exposing yourself, by your plea of guilty to Count One of the indictment?

THE DEFENDANT: Yes.

THE COURT: Do you understand that the sentencing judge may be obligated to impose a special assessment on you?

THE DEFENDANT: Yes.

THE COURT: Have you and your attorney talked about how the Sentencing Commission guidelines, which are advisory only, might inform the sentence to be imposed upon you?

THE DEFENDANT: Yes.

THE COURT: Do you understand that in determining your sentence, the sentencing judge is obligated to calculate the applicable Sentencing Guidelines range and possible departures under the Sentencing Commission guidelines?

THE DEFENDANT: Yes.

             THE COURT:  Do you understand that in addition to the
factors set forth in the Sentencing Commission guidelines, the
sentencing judge will also consider factors that are found at
18 U.S.C. Section 3553 in determining what an appropriate
sentence might be for you?
             THE DEFENDANT:  Yes.
             THE COURT:  Do you understand that parole has been
abolished and that if you are sentenced to prison, you will not
be released on parole?
             THE DEFENDANT:  Yes.
             THE COURT:  Do you understand that the answers you
give to me today under oath may in the future be used against
you in a prosecution for perjury or false statement if you do
not tell the truth to the Court?
             THE DEFENDANT:  Yes.
             THE COURT:  What are the elements of the offense set
forth at Count One of the indictment?
             MS. FEINSTEIN:  Your Honor, at trial, the government
would be required to prove beyond a reasonable doubt each of
the following elements of a racketeering conspiracy:
             First, that an enterprise -- and that is as defined in
Title 18 United States Code Section 1961(1), existed, and here,
that's an association in fact to 2Fly YGz gang;
             Second, that enterprise was engaged in or its
activities affected interstate or foreign commerce; and

1          Third, the defendant knowingly agreed that a
2  co-conspirator, which could include the defendant himself,
3  would commit two or more predicate racketeering acts in
4  furtherance of the enterprise.
5          The government would also have to prove venue in the
6  Southern District by a preponderance of the evidence.
7          THE COURT:  Thank you.
8          Mr. Pope, having heard the elements of the offense
9  that are set forth at Count One of the indictment, is it still
10 your desire to tender a plea of guilty?
11         THE DEFENDANT:  Yes.
12         THE COURT:  Sir, have any threats been made against
13 you by anyone to influence you to plead guilty?
14         THE DEFENDANT:  No.
15         THE COURT:  Have any promises been made to you
16 concerning the sentence that you will receive?
17         THE DEFENDANT:  No.
18         THE COURT:  I understand that you and your attorney
19 and representatives of the government have reached certain
20 agreements and understandings in connection with your tender of
21 a plea of guilty, and those agreements and understandings have
22 been reduced to a writing, specifically, a letter dated
23 June 27, 2017, addressed to Rita Glavin, your attorney.  I have
24 a copy of that document before me, which I shall show you now.
25 Do you recognize the document, sir?

        THE DEFENDANT:  Yes.

        THE COURT:  Did you have an opportunity to review it with your attorney?

        THE DEFENDANT:  Yes.

        THE COURT:  Is there anything contained in the document that you do not understand?

        THE DEFENDANT:  No.

        THE COURT:  In addition to the offenses that are outlined in the superseding indictment S1 16 Cr. 212, the indictment also contains a forfeiture allegation with respect to Count One of the indictment through which the government has indicated it will seek to recoup from you the proceeds of the illegal conduct described at Count One of the indictment.  Are you aware that the indictment contains that forfeiture allegation?

        THE DEFENDANT:  Yes.

        THE COURT:  There is text in the June 27, 2017 writing through which you admit the forfeiture allegation with respect to Count One of the indictment that I highlighted for you just a moment ago.  Are you aware of that, sir?

        THE DEFENDANT:  Yes.

        THE COURT:  There is also text in the writing which analyzes how the Sentencing Commission guidelines might apply to your case.  Are you aware of that?

        THE DEFENDANT:  Yes.

1    THE COURT:  Do you understand that notwithstanding the
2    analysis of the guidelines contained in the June 27, 2017
3    writing about which we have been speaking, the impact, if any,
4    that the Sentencing Commission guidelines may have on the
5    sentence to be imposed upon you is left solely to the
6    discretion of the sentencing judge?
7    THE DEFENDANT:  Yes.
8    THE COURT:  There is text in the June 27, 2017 writing
9    that constricts your ability to appeal from or collaterally
10   attack the judgment of conviction or sentence that might be
11   imposed upon you.  That would include a sentence of a fine and
12   the terms and conditions of supervised release, if that is
13   imposed upon you.  Do you understand that, sir?
14   THE DEFENDANT:  Yes.
15   THE COURT:  There's also language in that same
16   document that constricts your ability to seek a sentence
17   modification pursuant to Title 18 United States Code
18   Section 3582(c).  Are you aware of that, sir?
19   THE DEFENDANT:  Yes.
20   THE COURT:  I want to show you the last page of the
21   June 27, 2017 writing about which we have been speaking.  Is
22   your true signature on that page, sir?
23   THE DEFENDANT:  Yes.
24   THE COURT:  Did anyone force you to sign the document?
25   THE DEFENDANT:  No.

1      THE COURT:  Let me turn my attention again to your
2  counsel.  Is your signature also on the last page of the
3  document?
4      MS. GLAVIN:  It is, your Honor.
5      THE COURT:  Have representatives of the government
6  signed the last page of the document?
7      MS. FEINSTEIN:  Yes, your Honor.
8      THE COURT:  Mr. Pope, other than the understandings
9  and agreements that you, your attorney, and representatives of
10 the government have made and reached that are outlined in the
11 June 27, 2017 writing that we have been speaking about, have
12 any other agreements or understandings been made or reached
13 with you in connection with your tender of a plea of guilty?
14     THE DEFENDANT:  No.
15     THE COURT:  Sir, is your plea of guilty being made
16 voluntarily, that is, of your own free will?
17     THE DEFENDANT:  Yes.
18     THE COURT:  Did you commit the offense set forth at
19 Count One of the indictment?
20     THE DEFENDANT:  Yes.
21     THE COURT:  Would you tell me in your own words what
22 it is that you did that makes you believe yourself guilty of
23 the offense set forth at Count One of the indictment.
24     THE DEFENDANT:  Between approximately 2011 to 2014, I
25 was a member of the 2Fly gang.  I understood and agreed that

1  members of the gang were engaged in crimes, including more than
2  robbery -- more than one robbery. The 2Fly gang was based in
3  the Bronx.
4      THE COURT: When you indicated a moment ago that you
5  were a member of the 2Fly gang and that the gang engaged in
6  more than one robbery, can you tell me whether you as a gang
7  member agreed with other gang members to engage in the conduct
8  that you described a moment ago.
9      THE DEFENDANT: Yes.
10     THE COURT: When you engaged in the conduct that you
11 just described and the agreement that you indicated you had
12 with other gang members to engage in the conduct, did you know
13 that what you were doing was wrong?
14     THE DEFENDANT: Yes.
15     THE COURT: Are there any questions the government
16 would have me put to Mr. Pope?
17     MS. FEINSTEIN: No, your Honor.
18     THE COURT: Ms. Glavin, are you aware of any reason
19 why your client should not plead guilty?
20     MS. GLAVIN: No, your Honor.
21     THE COURT: Is the government aware of any reason why
22 the defendant should not plead guilty?
23     MS. FEINSTEIN: No, your Honor.
24     THE COURT: If the matter were to proceed to trial,
25 what evidence would the government offer in support of the

1     charge made at Count One of the indictment?

2         MS. FEINSTEIN:  Yes, your Honor.  At trial, the

3     government would prove that between in or about 2007 and 2016,

4     the defendant was a member of a street gang that was based in

5     the Bronx called 2Fly YGz, which was the racketeering act here,

6     and that gang affected interstate commerce in part because they

7     sold crack cocaine, which is manufactured outside of New York

8     and then brought into New York for sale.

9         With regard to this defendant in particular, the proof

10    would include, among other things, his past guilty pleas and

11    allocutions in the state to racketeering acts that included a

12    robbery that occurred in June 2012 in the Bronx and a shooting

13    in 2013 in the Bronx, in addition to this defendant's

14    postarrest statement to police officers in connection with that

15    2013 shooting.  It would also include the testimony of multiple

16    cooperating witnesses who will identify this defendant as a

17    member of 2Fly and who did -- among other things, he drove

18    around other members of the gang with guns in the Bronx.

19        THE COURT:  Can you tell me in a general way what

20    would be the substance of the postarrest statement made in

21    connection with the 2013 shooting.

22        MS. FEINSTEIN:  Generally, your Honor, it included an

23    admission that he participated in that shooting.

24        THE COURT:  I just want to ensure myself that I was

25    understanding accurately.  The 2013 shooting to which you made

17
H6t1popp

1  reference, was that shooting committed in connection with the
2  activities of the gang that you indicated earlier?
3           MS. FEINSTEIN:  It was, your Honor.  It was committed
4  along with another member of 2Fly and involved shooting at
5  rival gang members.
6           THE COURT:  Thank you.
7           I'm satisfied that Mr. Pope understands the nature of
8  the charge made against him at Count One of the indictment, and
9  I'm satisfied that he understands the consequences of his plea
10 of guilty.  I'm satisfied the plea is being made voluntarily
11 and knowingly and that there is a factual basis for the plea.
12 So I shall report and recommend to the assigned district judge
13 that the plea be accepted.
14          I'm going to fix a date for sentence and direct the
15 parties to contact the assigned district judge to determine
16 whether that date is convenient for a sentencing proceeding.
17 I'll fix a September 28, 2017, sentencing date.
18          I shall direct that a presentence report be prepared
19 prior to the date of sentence.  In connection with the
20 preparation of that report, the government should provide its
21 case summary materials to the probation department not later
22 than 14 days from today.  And the defendant and his counsel
23 should arrange for an interview with the probation department
24 not later than 14 days from today.
25          I shall direct the government to obtain the transcript

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  of the minutes generated during this proceeding and present
2  same to the assigned district judge before the date of
3  sentence.
4 　　　　Is there any request with respect to bail?
5 　　　　MS. FEINSTEIN:  Other than just continuing detention,
6  your Honor.
7 　　　　MS. GLAVIN:  Consent, your Honor.
8 　　　　THE COURT:  The application is granted.
9 　　　　Is there anything else that we need to address?
10 　　　　MS. FEINSTEIN:  No, your Honor.
11 　　　　MS. GLAVIN:  No, your Honor.
12 　　　　THE COURT:  Thank you.  Good day.
13 　　　　(Adjourned)